United States District Court
Southern District of Texas
**ENTERED**
January 03, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DEO G. SHANKER, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:16-CV-02481 |
| | § | |
| UNITED OF OMAHA LIFE INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | |

### MEMORANDUM & ORDER ON DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S STATE LAW CLAIMS & JURY DEMAND

Pending before the Court is Defendant's Motion to Dismiss Plaintiff's State Law Claims and Jury Demand. (Doc. No. 8.) After considering the Motion, the responses thereto, and all applicable law, the Court determines that the Motion should be granted.

### I. BACKGROUND

This is an insurance coverage case. Plaintiff Deo G. Shanker was the President of Intracare Behavioral Health Foundation ("Intracare") when he suffered a heart attack and underwent open heart surgery. After the attack, Plaintiff was unable to perform his routine job duties, including driving, using fine motor skills, lifting medium and large loads, and standing for extended periods of time. (Doc. No. 6 ¶¶ 13-15, 22-23.) Plaintiff submitted a Long-Term Disability Claim to Defendant United of Omaha Life Insurance Company, which had issued Itracare's group long-term disability policy ("the Policy"). Plaintiff and Defendant exchanged several communications and Plaintiff provided additional medical documentation before Defendant ultimately denied Plaintiff's claim. (*Id.* ¶¶ 15-19.) Plaintiff alleges that Defendant disregarded relevant medical information and improperly denied coverage to Plaintiff. (*Id.* ¶ 24.)

1

The Policy in question is part of an employee benefits plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"). Plaintiff claims Defendant violated its contractual obligations under ERISA. Plaintiff also seeks a declaration that he is entitled to coverage and benefits, pursuant to the Texas Uniform Declaratory Judgment Act ("TUDJA"), Tex. Civ. Prac. & Rem. Code, Chapter 37 or the federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-2202. (Doc. No. 6 ¶¶ 27-29.) Defendant contends that because ERISA governs this dispute, Plaintiff has no right to a jury trial and may not pursue any state law claims, including under the TUDJA. (Doc. No. 8.) Since filing his complaint, Plaintiff has removed his jury demand. (Doc. No. 13 ¶ 1.) Only Plaintiff's state law claims remain at issue.

## II.   LEGAL STANDARD

To survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "The central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007).

## III.   ANALYSIS

Plaintiff seeks relief through several avenues: ERISA, the TUDJA, and the DJA. Because this is an ERISA action, Plaintiff's state claims, namely under the TUDJA, must be denied.

ERISA's preemption mechanisms leave no room for Plaintiff's state law claims. "ERISA, a comprehensive federal scheme designed to protect the participants and beneficiaries of employee benefit plans, supercedes [sic] 'any and all State laws insofar as they may now or hereafter relate to any employee benefit plan.'" *Hernandez v. Jobe Concrete Prod., Inc.*, 282 F.3d 360, 362 (5th Cir. 2002) (*quoting* 29 U.S.C. § 1144(a)); *see also McNeil v. Time Ins. Co.*, 205 F.3d 179, 189

(5th Cir. 2000). There is no dispute that the Policy is an employee benefit plan. Because Plaintiff seeks relief under the TUDJA to enforce its interpretation of the Policy, the Texas state law is related to the employee benefit plan. The TUDJA does not fall within the narrow category of laws excluded from ERISA preemption. *See* 29 U.S.C. § 1144(b)(2)(A) (state laws regulating insurance, banking or securities are not preempted by ERISA). The TUDJA is therefore a state law superseded by ERISA.

ERISA and the TUDJA have overlapping goals. The purpose of the TUDJA "is to settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations." Tex. Civ. Prac. & Rem. Code § 37.002(b). ERISA also enables a plaintiff to gain certainty as to coverage: "A civil action may be brought by a participant or beneficiary to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C.A. § 1132(a)(1)(B). ERISA already provides Plaintiff with a mechanism to enforce or clarify his rights under the Policy.

As Plaintiff points out, some declaratory judgment actions are permissible in ERISA cases. At least two courts have held that a beneficiary may seek a declaratory judgment that an insurer has an obligation under ERISA. *See IBEW-NECA Sw. Health & Benefit Fund v. Gurule*, 337 F. Supp. 2d 845, 860 (N.D. Tex. 2004); *KLLM, Inc. Employee Health Prot. Plan v. Ontario Cmty. Hosp.*, 947 F. Supp. 262, 266–67 (S.D. Miss. 1996). Plaintiff seeks to use the TUDJA or the federal DJA to declare that he is entitled to coverage and benefits under the Policy. (Doc. No. 6 ¶¶ 29-30.) Plaintiff's use of a declaratory judgment action falls in a gray area between permissible and preemted. On the one hand, Plaintiff seeks a declaration that that Defendant has disregarded its obligations under the Policy, found to be a proper basis for declaratory judgment

in *IBEW-NECA* and *KKLM*. On the other hand, Plaintiff's desire to assert entitlement to coverage is an effort to recover, enforce or clarify his rights—already covered and preempted by ERISA.

Although Plaintiff correctly notes that Defendant has not cited any cases holding the TUDJA is preempted, there are also no cases expressly affirming the coexistence of enforcement under ERISA and the TUDJA. Plaintiff's cases discuss the *federal* DJA, which has relevant differences from the state declaratory judgment statute. Under the TUDJA, Plaintiff has sought additional rights such as attorney's fees, ancillary relief, and injunctive relief. (Doc. No. 6 ¶¶ 29-30.) ERISA does not leave room for the additional forms of relief permitted by the TUDJA. The Supreme Court reasoned that "the policy choices reflected in the inclusion of certain remedies and the exclusion of others under the federal scheme would be completely undermined if ERISA-plan participants and beneficiaries were free to obtain remedies under state law that Congress rejected in ERISA." *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 54 (1987). Although declaratory relief may be permitted in an ERISA action via the federal DJA, ERISA preempts the additional remedies unique to the TUDJA, a state law.

### IV.   CONCLUSION

For the aforementioned reasons, the Court **GRANTS** Defendant's Motion to Dismiss Plaintiff's State Law Claims and Jury Demand. (Doc. No. 8.) Plaintiff may amend his complaint within fifteen (15) days from the date on which this order is entered.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas on the 3rd of January, 2016.

HON. KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE